HARVEY P. FISHER, RESPONDENT, *v.* DAVID VERPLANCK, EXECUTOR, &c., APPELLANT.

*Evidence—when a memorandum made by a witness is inadmissible.*

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

The court, at General Term, said : " The referee erred in respect to the memorandum made by Boice for Carroll, a witness for plaintiff. The plaintiff is a carpenter, and his claim is for work done by him for defendant's testator. There is abundant proof that plaintiff did work for the deceased for many years before his death, which happened in August, 1874. It is quite evident that the plantiff did not work by the year ; this is shown by the plaintiff's bill of particulars, and by the nature of the work said to have been done. It was not absolutely continuous. The statute of

limitations was pleaded, and as to a very considerable part of the plaintiff's claim is a good answer, unless the claim is kept alive by payments. A portion of the work is alleged to have been performed within the six years before the testator's death. It became of controlling importance upon the trial to show the work done as it was done by plaintiff as to the time and amount. A Mr. Carroll was called as a witness, to show the work done in 1870, 1871 and 1872; he was a carpenter, who had worked for deceased with plaintiff in these years. He had no memory as to number of days either he himself had done, or plaintiff had done for deceased in these years. Carroll testified that one Boice had made out his—Carroll's—bill against deceased from an old almanac, upon which Carroll had marked the days he worked. The almanac was not produced, neither was Boice called. This memorandum (Carroll's bill) was admitted, and from it the time of Carroll was established. Carroll testified that the plaintiff worked more than he did. By this evidence some six hundred and fifty-two days' work was established for Carroll, and by the same evidence was established the same amount at least for plaintiff. The memorandum was the merest hearsay. Carroll is assumed to have made out the bill correctly without proof, and even the basis for this assumption is not produced. After the case was submitted the referee rejected the memorandum, but did not reject the proof of the result evidenced by the memorandum. The finding is a general one, and the case does not, therefore, show that no injury resulted from the illegal evidence."

*A. B. Tappan,* for the appellant.

*W. Brown, Jr.,* for the respondent.

Opinion by BARNARD, P. J.; GILBERT, J., concurred; DYKMAN, J., not sitting.

Judgment reversed, and new trial granted at Circuit. Costs to abide event. Order of reference vacated.